# KENT COUNTY.

———◆———

## GREENWICH NATIONAL BANK *vs.* ISAAC HALL.

A tenancy by the curtesy initiate is not subject to attachment in Rhode Island for the husband's debts.

A writ in the form prescribed by cap. 857 Public Laws, March 31, 1870, combining attachment and summons, was served by attachment, a single attested copy being left with the defendant.

*Held*, that it was also sufficiently served as a writ of summons under Rev. Stat. R. I. cap. 179, § 6.

ASSUMPSIT on a promissory note.   Appeal from the Court of Common Pleas.

The writ in this case, dated September 16, 1870, was in the form prescribed by cap. 857 of the Public Laws, passed March 31, 1870.   The sheriff's return of service is as follows : —

" Washington Sc.   In North Kingston, this 16th day of September, 1870, I have made service of the within writ by attaching all the right, title, and interest which the within named Isaac Hall had, at five o'clock and fifteen [1] in the afternoon of this day, in and to the following described parcels of real estate situated in said North Kingston, whereof the first is the tract of land described in a certain alleged deed of Isaac Hall to William L. Hall, dated September 2, 1868, and recorded in book No. 34, page 278, of the land evidence of said North Kingston, and is bounded as follows : —

(Follow the boundaries.)

And the second tract is the one described in a certain alleged deed of Isaac Hall to Isaac S. Hall, dated November 3, 1868, and recorded in book No. 34, page 290, of land evidence of North Kingston, and is bounded as follows : —

(Follow the boundaries.)

And the third tract is known as the Beriah Brown Farm, being an estate devised to the wife of said Hall by her father, Beriah Brown, and is described as follows : —

---

[1] Sic.

(Follow the boundaries.)

And the fourth tract is a wood lot,[1] bounded —

(Follow the boundaries.)

And have left an attested copy of this writ, with my doings thereon, with the town clerk of North Kingston, and another like copy with William L. Hall, the person in possession of the first tract, and another like copy with Isaac S. Hall, the person in possession of the second tract, and another like copy with Isaac Hall, the defendant named in said writ, and the person in possession of said two last mentioned tracts.

" E. S. BABCOCK, <em>Dep. Sheriff</em>."

The defendant pleaded in abatement that at the time of said alleged service he had no attachable interest in the realty in question, and that the writ was served only by attachment.

Replication that, as to parcels 1 and 2, the defendant's conveyances were made in fraud of creditors, and hence void. Demurred to specially for matters of form.

That as to parcels 3 and 4, the defendant had a tenancy by the curtesy initiate therein. General demurrer and joinder. The validity of this general demurrer was the question at issue.

The Revised Statutes of R. I. cap. 136, § 1, provide that " the real estate, chattels real, . . . . which are the property of any woman before marriage, or which may become the property of any woman after marriage, . . . . shall be so far secured to her sole and separate use, that the same, and the rents, profits, and income thereof, shall not be liable to be attached or in any way taken for the debts of the husband, either before or after his death."

*Browne & Van Slyck*, in support of the demurrer.

The statute was intended as a complete protection of the estate and the interest of the wife, so as to relieve her from all necessity of resorting to a Court of Equity to secure her in the use and occupation of her property; and the defendant submits it so operates. It leaves Hall no attachable interest during the life of the wife.

At common law, undoubtedly, and in absence of any statutory

---

[1] This is a portion of the " Beriah Brown Farm."

provisions on the subject, not only the husband's estate by curtesy, but also his interest in his wife's estate by curtesy initiate, and even by marital right simply, was attachable. Not so, since the statute. It is only curtesy consummate that can be attached under our law.

Revised Statutes R. I. cap. 136, § 13, preserve the husband's tenancy by the curtesy. The right of the husband to occupy jointly with his wife is preserved unimpaired, while the right of the husband's creditors to attach is taken away. By this interpretation only can the different parts of the statute be made to harmonize. *Robinson* v. *Woelpper*, 1 Whart. 179, 183, 184; *Marston* v. *Carter*, 12 N. H. 159.

But it may be claimed by the plaintiff that, if the husband should survive the wife, he would have an interest which is attachable. We reply that it is well settled, that "a mere possibility of an interest is not attachable." *Gentry* v. *Wagstaff*, 3 Dev. 270; *Flyn* v. *Williams*, 1 Ired. 509; *Armington* v. *Screws*, 9 Ired. 42. In this last case Chief Justice Ruffin says: "Process of attachment operates only on such interests as exist at time of the attachment, not on such as may afterwards arise."

*B. N. & S. S. Lapham* and *Joseph W. Congdon, contra.* The question at issue is twofold : —

*First.* Whether, previous to the statute of 1844, regulating the property of married women, a tenancy by the curtesy initiate was an attachable interest ?

The following authorities seem to prove conclusively that such an estate was, by the common law of this country, liable to attachment: *Barber* v. *Root*, 10 Mass. 260; *Chapman* v. *Gray*, 15 Mass. 439; *Litchfield* v. *Cudworth*, 15 Pick. 23; *Mattocks* v. *Stearns & wife*, 9 Vt. 326; *Hyde* v. *Barney*, 17 Vt. 280; *Mechanics' Bank* v. *Williams*, 17 Pick. 438; *Gardner, Ex.* v. *Hooper et al.* 3 Gray, 398; *Schermerhorn & Clute* v. *Miller & wife*, 2 Cow. 439; *Babb & wife* v. *Perley*, 1 Me. 6; *Smith* v. *Colvin*, 17 Barb. S. C. 157; *McLellan* v. *Nelson*, 27 Me. 129; *Eldredge* v. *Preble*, 34 Me. 148; *Anderson* v. *Tydings*, 8 Md. 428; *Logan* v. *McGill et ux.* 8 Md. 461; *Beale* v. *Knowles*, 45 Me. 479; *Johnson* v. *Chapman*, 35 Conn. 550; *Meyers et al.* v. *Gale*, 45 Mo. 416; *Schneider* v. *Starke & wife*, 20 Mo. 269; *Prall et al.* v. *Smith & wife*, 31 N. J. Law, 244; *Ross* v. *Adams*,

28 N. J. Law, 160; *Mitchell* v. *Sevier et al.* 9 Humph. 146; *Cheek* v. *Waldrum & wife*, 25 Ala. 152.

*Second.* The second question is, —

Has the statute of 1844, reproduced in the revision of 1857, and in force at the time of this attachment, made any alterations in that respect?

This question has already been substantially decided. *Martin & Goff* v. *Pepall*, 6 R. I. 92; *Briggs* v. *Titus & wife*, 7 R. I. 441.

The late decisions in the other states all turn upon their special statutes, all more or less different from ours, and hence cannot avail as precedents.

*East Greenwich, March* 9, 1875.   DURFEE, C. J.   We are asked to decide in this case whether, under chapter 136 of the Revised Statutes, a man who marries and has living children by his wife acquires an interest in her real estate of inheritance, as secured by the first section of that chapter, which can be legally attached for his debts during her lifetime.   We think not.   The statute expressly says that the real estate which is the property of any woman before marriage, or which may become her property after marriage, shall be so far secured to her sole and separate use that the same, and the rents, profits, and income thereof, shall not be liable to be attached or in any way taken for the debts of the husband, either before or after his death.   The protection extends to the real estate which is the property of a woman before marriage, to the real estate which may become her property after marriage, and to all the rents, profits, and income of her real estate of either description.   Let us consider the question submitted to us first, with reference to the real estate which is her property before marriage.   Certainly an exemption which covers the real estate which is the property of a woman before marriage, together with all the rents, profits, and income thereof, leaves nothing to be attached; for any interest which the husband acquires therein as the result of the marriage must necessarily be some portion of the real estate or of the rents, profits, or income thereof, all of which is exempt.   Does the real estate which becomes her property after marriage stand upon any different footing?   We think not.   The two descriptions of property are coupled in the same sentence, and in a manner which

shows that they were both intended to have the same immunity. That which is protected is not the real estate which the wife has at the time of the attachment, but the real estate which was her property before or which becomes her property after marriage. And this construction, based on the letter of the statute, is in keeping with its spirit. The design was to secure the estate during the life of the wife from molestation by the creditors of the husband, and this design is promoted by holding that during her life he simply as husband has no interest in her real estate which can be attached in any suit to which she is not a party.

*Demurrer sustained.*

Subsequently the plaintiff, without reference to the other questions involved in the pleadings, moved for judgment, on the ground that the writ was well served as a writ of summons. After hearing this motion the court gave the following opinion : —

*Providence, June* 22, 1875.   DURFEE, C. J.   We think the writ was well served as a writ of summons. The statute in force when it issued, Rev. Stat. R. I. cap. 179, § 6 provided that " an original summons shall be served by reading the same to the person to be summoned, or by leaving an attested copy thereof with him, or at his last and usual place of abode." An attested copy of the writ issued in this case was left at the defendant's last and usual place of abode. The objection is that the officer makes return simply of service by attachment, the leaving of the copy being required for such service. The answer to this objection is, that the writ was a writ of summons as well as a writ of attachment; that an attested copy of it was left at the last and usual place of abode of the defendant, which is all that was required for the service of it as a writ of summons; that the fact that the copy may have been left simply for the purpose of perfecting the service by attachment cannot limit the legal effect of the act; and that it is not material that the return is such as would be made of service by attachment only, so long as it shows that everything has been done which is necessary for the service of the writ as a writ of summons as well as for its service as a writ of attachment. The answer is in our opinion conclusive if the service could be made in both forms by leaving a single copy. We

see no reason why it might not have been so made. The defendant would get no information from another copy which he could not get from the copy left. The writ was in effect two writs, and the single copy was in effect a copy of both. The defendant by reading it would have notice that he was summoned, and, by reading the indorsement on it in connection with it, would have notice of the further service by attachment of real estate. If two copies had been left, the notice would have been the same. We think the plaintiff is entitled to judgment even though the service by attachment may be invalid.

After the last opinion, the defendant gave notice of his intention to contest the suit on its merits.